# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 24, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
**Commissioner Below, Petitioner**

**vs.)   No. 11-1545**  (BOR Appeal No. 2045733)
(Claim No. 920019865)

**PETER J. PINO,**
**Claimant Below, Respondent**

**and**

**PINO CONSTRUCTION COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Office of Insurance Commissioner, by Gary M. Mazezka, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated October 11, 2011, in which the Board reversed a March 15, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 5, 2010, decision, denying Peter J. Pino's request for an MRI of the right shoulder, a series of three shoulder injections, physical therapy for seven to eight weeks, and a referral to Dr. Whitfield. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 22, 1991, Mr. Pino was working for Pino Construction Company when he fell through the floor approximately twelve to fourteen feet and landed on his tailbone. The fall resulted in serious injuries, including multiple fractures in his back, and rendered Mr. Pino permanently and totally disabled. Mr. Pino received extensive treatment and services for his back but Mr. Pino's records also included periodic references to complaints of shoulder pain. On October 5, 2010, the claims administrator denied a request for an MRI of the right shoulder, a series of three shoulder injections, physical therapy for seven to eight weeks, and a referral to Dr. Whitfield. The claims administrator stated that the right shoulder was not a compensable condition of the claim. The Office of Judges affirmed the claims administrator's decision on March 15, 2011. But the Board of Review reversed the Office of Judges' Order on October 11, 2011, and authorized the requested treatments, leading the Office of Insurance Commissioner to appeal.

In its March 15, 2011, Order, the Office of Judges concluded that Mr. Pino's right shoulder was not a compensable condition of the claim. The Office of Judges, therefore, concluded that the requested treatment for the right shoulder was not related to the compensable injury and should not be authorized. The Office of Judges considered Mr. Pino's contention that his right shoulder was part of the original diagnoses. It also considered the claims administrator's administrative service card, which listed pain in the joint of the shoulder region as a compensable component of the claim. But the Office of Judges determined that the evidence did not support finding that the right shoulder was part of the original diagnoses. The Office of Judges found that Mr. Pino had not presented any decisions or Orders which listed his right shoulder as a compensable component of his October 22, 1991, injury.

The Board of Review reversed the Office of Judges' Order, concluding that Mr. Pino's request for an MRI of the right shoulder, shoulder injections, physical therapy and a referral to Dr. Whitfield should be granted. The Board of Review found that Mr. Pino suffered numerous injuries and fractures as a result of his fall. The Board of Review also found that there were numerous references to shoulder pain in the record and concluded that the need for the requested treatment arose from the compensable injury.

We agree with the findings and conclusions of the Board of Review. Mr. Pino suffered a serious injury as a result of his fall on October 22, 1991. The requested treatments and services, an MRI of the right shoulder, a series of three injections of the right shoulder, physical therapy for seven to eight weeks, and a referral to Dr. Whitfield are all medically related and reasonably necessary to treat Mr. Pino's compensable injury and should be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 24, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II